IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. TRESKY,<br><br>      Plaintiff,<br><br>      v.<br><br>ROBERT PETERS, LARRY A. HERMAN, WILLIAM A. ALBERTINI, in both their official and individual capacities, and SHENANGO TOWNSHIP, LAWRENCE COUNTY, PA.,<br><br>      Defendants. | Civil Action No. 09-1616<br><br>Judge Arthur J. Schwab<br>Magistrate Judge Lisa Pupo Lenihan<br><br>Doc. No. 7 |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants Robert Peters, Larry A. Herman, William A. Albertini, and Shenango Township's Partial Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. No. 7) be granted as to Plaintiff's contract and implied contract claims. In all other respects, it is respectfully recommended that Defendants' Motion be denied.

**II.    REPORT**

    **A.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The relevant facts are as follows. David J. Tresky (hereinafter "Plaintiff"), at relevant times, was hired and employed by the Shenango Township as its Chief of Police. Defendant Shenango Township, Lawrence County, Pennsylvania, is a township of the second class.

Defendants Robert Peters, Larry A. Herman, and William A. Albertini, at relevant times, were Township Supervisors of Shenango Township. All the Defendants were acting under the color of state law.

On or about May, 2008, Plaintiff was hired by Shenango Township as its Chief of Police. At the time of his hiring, the Plaintiff was a police officer with Cranberry Township, Pennsylvania. Plaintiff resigned his position at Cranberry Township, and relocated himself and his family to Shenango Township.

The Plaintiff alleges that sometime after his hiring, the Defendant Township Supervisors agreed to promote three police officers to the ranks of detective and corporal. A hiring process was followed, and three patrol officers were selected for those promotions and notified of the same. Subsequent to the notification, the Township Supervisors informed the Plaintiff that it was reneging on the promotions, and the three patrol officers notified the Plaintiff of their intent to file suit against the Township to enforce their promotions.

The Plaintiff alleges that after he notified the Township Supervisors that he would testify truthfully in any lawsuit involving the promotions, the Township Supervisors began to treat him differently.

The Plaintiff further alleges that, at or about the same time as the promotion incident, a Township Supervisor informed the Plaintiff that he should terminate a part-time female police officer because she had previously filed EEOC charges against the Township. The Plaintiff refused to terminate the employee with the reason that such an act would be unlawful.

On or about November 14, 2008, the Defendants, by letter, notified the Plaintiff that his employment with the Township was terminated. The Defendants advised the Plaintiff that his conduct was in violation of the Police Wage and Policy Agreement, the Shenango Township

Police Policy Manual, and the policies of Shenango Township. The Defendants found that the Plaintiff did not satisfy the terms of his probation, and immediately terminated the Plaintiff's employment with the Township. The Plaintiff alleges that the reasons in the letter were pretexts for retaliation.

On December 8, 2009, the Plaintiff filed this suit pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. § 1983. The Plaintiff alleges that his termination was in violation of his rights under the First Amendment to the United States Constitution, as well as the Pennsylvania Whistleblower Law, as amended, 43 P.S. § 1423. The Plaintiff also asserts common law breach of contract and/or implied contract claims.

On January 7, 2010, Defendants Robert Peters, Larry A. Herman, William A. Albertini, and Shenango Township (hereinafter collectively "Defendants") filed the instant Motion for Partial Dismissal of Plaintiff's Complaint (Doc. No. 7) and a Brief in Support (Doc. No. 8). Pursuant to Fed.R.Civ.P. 12(b)(6), the Defendants move to dismiss the Plaintiff's claims for breach of contract and/or implied contract, and also the Plaintiff's claim for violation of the Pennsylvania Whistleblower Law.

The Plaintiff filed a Brief in Opposition to the Defendants' Partial Motion to Dismiss (Doc. No. 12) on March 30, 2010.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

## B. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1960 (May 18, 2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, It "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals expounded on this standard in its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*.

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler* at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id.* (citing *Phillips* at 234-35).

### C. ANALYSIS

Federal Rule of Civil Procedure 8(a) provides that a complaint shall contain:

> (1)  a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,
> (2)  a short and plain statement of the claim showing that the pleader is entitled to relief, and
> (3)  a demand for judgment for the relief the pleader seeks.

With regard to Rule 8(a)(2), a complaint must only "'give the defendant fair notice of what the...claim is and the grounds upon which it rests...'" *Twombly* at 554 (quoting *Conley* at 47).

With this precept in mind, the Court will address the claims that Defendants argue should be dismissed

#### 1. Breach of Contract/Implied Contract Claims

Plaintiff pleads breach of an express and/or implied contract for employment. (Doc. No. 1, ¶29). Defendants argue that a second class Township has no statutory authority to enter into a contract for employment with the Chief of Police. They also argue that an implied contract is not

an exception to employment at will under Pennsylvania law. Plaintiff does not contest either of these arguments in his brief.

In Pennsylvania, the settled rule is that absent a statutory or contractual provision to the contrary, either party may terminate an employment relationship for any or no reason. *Geary v. United States Steel Corp.*, 319 A.2d 174, 176 (Pa. 1974). The general rule is that an employee may be discharged "at any time, for any reason, or for no reason whatsoever." *Darlington v. General Elec.*, 504 A.2d 306, 309 (Pa. Super. 1986), quoting *Henry v. Pittsburgh & Lake Erie R.R.*, 21 A. 157 (Pa. 1891). Pennsylvania courts have also "steadfastly resisted any attempt to weaken the presumption of at-will employment in this Commonwealth." *McLaughlin v. Gastrointestinal Specialists*, 750 A.2d 283, 290 (Pa. Super. 2000).

In this case, the Plaintiff does not dispute that he was employed subject to a probationary period and that he was terminated before the expiration of the probation period. (Doc. No. 1, Ex. 1). Consequently, the Plaintiff is not entitled to the civil service protections afforded by the Police Tenure Act, Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§ 811-816.

Based on the law, and the Plaintiff's apparent agreement that he cannot state a claim for a breach of an express or implied contract of employment, the Court recommends that Defendants' Motion to Dismiss Plaintiff's claims for breach of contract/implied contract be granted.

      2.     <u>Whistleblower Claim</u>

The Defendants also move to dismiss the Plaintiff's claims under the Pennsylvania Whistleblower Law. Act of December 12, 1986, P.L. 1559, §§ 1-8, codified at 43 P.S. §§ 1421-1428. Under the Whistleblower Law:

> **(a) Persons not to be discharged.--**No employer may discharge, threaten or otherwise discriminate or retaliate against an employee

6

>regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

43 P.S. §1423. The Defendants contend that the Complaint fails to allege any good faith report of wrongdoing or waste, and therefore cannot sustain a claim under the Whistleblower Law. This Court disagrees.

Under the Whistleblower Law, wrongdoing is defined as:

>**"Wrongdoing."** A violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer.

43 P.S. §1422. The Equal Employment Opportunity Commission (EEOC) publishes a Compliance Manual, which is available at http://www.eeoc.gov/policy/docs/retal.html (as visited April 21, 2010). The EEOC has expressed a broad interpretation that Title VII of the Civil Rights Act of 1964, Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), the Age Discrimination in Employment Act, Section 4(d) of the ADEA, 29 U.S.C. § 623(d), the Americans with Disabilities Act, 3 Section 503(a) of the ADA, 42 U.S.C. § 12203(a), and the Equal Pay Act, Section 15(a)(3) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3), prohibit retaliation by an employer because an individual has engaged in protected activity. *See* 2 EEOC 1998 Manual § 8, p. 8-1. Protected activities include "opposing a practice made unlawful by one of the employment discrimination statutes" or "filing a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the applicable statute." *Id*. The EEOC has also stated:

> Voluntary compliance with and effective enforcement of the anti-discrimination statutes depend in large part on the initiative of individuals to oppose employment practices that they reasonably believe to be unlawful, and to file charges of discrimination. If retaliation for such activities were permitted to go unremedied, it would have a chilling effect upon the willingness of individuals to speak out against employment discrimination or to participate in the EEOC's administrative process or other employment discrimination proceedings.

*Id.* The Complaint alleges that a Township Supervisor informed the Plaintiff that he should terminate a part-time police officer because she had previously filed EEOC charges against the Township. (Doc. No. 1 ¶ 23). The Plaintiff alleges that he reported to the Supervisor that such an act would be unlawful, and refused to terminate the part-time police officer for that reason. (*Id.* ¶ 24). The Plaintiff's allegation that a supervisor sought to retaliate against an employee for protected conduct, and his report to the supervisor that retaliating against the employee is illegal, is not a "merely technical or minimal" violation. Therefore, the Plaintiff's alleged report to the Township Supervisor that retaliating against an employee for protected conduct, such as filing an EEOC charge, may constitute good-faith reporting of wrongdoing under the Pennsylvania Whistleblower Law. Therefore, accepting as true all of the well pleaded facts of Plaintiff's Complaint, he has set forth a plausible claim for relief under the Whistleblower Law. For the aforementioned reasons, the Court recommends that Defendant's Motion to Dismiss the Plaintiff's Whistleblower claim be denied.

### III.     CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion for Partial Dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) be granted as to

the contract and implied contract claims.    In all other respects, it is respectfully recommended that the Defendants' Motion should be denied.

Dated:  April 26, 2010

By the Court:

_____

LISA PUPO LENIHAN
U.S. MAGISTRATE JUDGE

cc:     Counsel of record